IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



# 1:03CV00793

| | |
|---|---|
| TAMMY B. HENDERSON, | |
| Plaintiff, | COMPLAINT |
| vs. | AND |
| CLAYTON HOMES INC., | DEMAND FOR A JURY TRIAL |
| Defendant. | |

The Plaintiff, complaining of the acts of the Defendant, alleges and says this:

## JURISDICTION

1. The Plaintiff is asserting claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This court has jurisdiction over these claims under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. The Plaintiff is also asserting a claim of wrongful discharge in violation of public policy. This claim arises under the laws of the State of North Carolina. This claim has a common

Page 1 of 15

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

nucleus of operative fact with the Plaintiff's federal claims and this court has jurisdiction over it under 28 U.S.C. § 1367.

a) The Plaintiff is a woman. She was born on April 19, 1965.

b) The Defendant was named in the Plaintiff's United States Equal Employment Opportunity Commission Charge of Discrimination and attendant Right to Sue Notice. The Defendant has actual notice of the Plaintiff's claims.

c) At all times relevant to this action, the Defendant was an employer within the meaning of 42 U.S.C. § 2000e(b).

d) At all times relevant to this action, the Defendant employed the Plaintiff within the meaning of 42 U.S.C. § 2000e(f).

e) Within one hundred and eighty days of the occurrence of the acts complained of, the Plaintiff filed appropriate charges against the

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

Defendant with the United States Equal Employment Opportunity Commission.

f) On June 18, 2003, the United States Equal Employment Opportunity Commission issued the Plaintiff a "Notice of Right to Sue."

## VENUE

2. The Plaintiff is a citizen and resident of Davidson County, North Carolina. At all times relevant to this action, she was a citizen and resident of Guilford County, North Carolina.

3. The Defendant, headquartered in Maryville Tennessee, manufactures and sells mobile homes in North Carolina. The Defendant employed the Plaintiff at its Greensboro, North Carolina facility.

## FACTUAL ALLEGATIONS

4. In November, 2002, Kenny Patton, a regional manager for the Defendant, asked the Plaintiff to come work for him in the Defendant's office in Greensboro,

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

North Carolina. At Kenny Patton's invitation, the Plaintiff met with him at the Defendant's facility in Greensboro, North Carolina. The Plaintiff told Mr. Patton that she was interested in the job.

5. Approximately one week later, Kenny Patton told the Plaintiff that she was hired and would start the following Monday. He then made it clear to the Plaintiff that he wanted to have sexual relations with her. The Plaintiff refused.

6. The next Monday, the Plaintiff arrived for work at the Defendant's facility in Greensboro, North Carolina. Kenny Patton again made it clear to the Plaintiff that he wanted to have sexual relations with her. The Plaintiff again categorically refused.

7. She subsequently complained about Kenny Patton's unwanted demands for sex to Darien Sams, Defendant's manager in Asheboro, North Carolina. She complained to Mr. Sams because she knew him before the Defendant hired her and he was the only Clayton Homes manager she felt comfortable talking to.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

8. On December 10, 2002, two weeks after she complained to Darien Sams, Kenny Patton terminated the Plaintiff's employment. On the same day that Kenny Patton terminated her, the Plaintiff sent an electronic mail message to the Defendant's President, Kevin Clayton, describing Kenny Patton's unwanted sexual demands. She never received a response.

9. Upon information and belief, before he terminated the Plaintiff's employment, Kenny Patton told other managers and employees that he was having sexual relations with the Plaintiff.

10. Upon information and belief, other women have previously complained about Kenny Patton's behavior toward them and the Defendant knew or should have known about these complaints.

11. Kenny Patton strongly implied that having sexual relations with him was a condition of the Plaintiff's employment with the Defendant.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

12. The Defendant's discriminatory and otherwise unlawful conduct has caused the Plaintiff great economic loss, emotional pain, inconvenience and loss of enjoyment of life. Examples of the Plaintiff's emotional pain include, but are not limited to:

    a) anxiety;

    b) depression;

    c) low self esteem;

    d) feelings of inadequacy;

    e) poor self image;

    f) stress.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF:

## VIOLATION OF TITLE VII OF THE U.S. CIVIL RIGHTS ACT OF 1964

### A. HOSTILE WORK ENVIRONMENT

13. Paragraphs 1 through 12 are incorporated as if fully set forth herein.

14. The Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. by illegally discriminating against the Plaintiff because of her sex in that:

   a) Kenny Patton's conduct toward the Plaintiff was objectively offensive;

   b) The Plaintiff perceived Kenny Patton's conduct as offensive;

   c) Kenny Patton's conduct toward the Plaintiff was physically threatening, humiliating and unreasonably interfered with the Plaintiff's work performance;

Page 7 of 15

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

Case 1:03-cv-00793-JAB   Document 1   Filed 08/22/03   Page 7 of 15

d) Kenny Patton's conduct toward the Plaintiff was so severe and pervasive that it created an abusive and hostile working environment that altered the terms and conditions of the Plaintiff's employment;

e) Kenny Patton, in his capacity as the Defendant's manager and agent, misused his supervisory authority over the Plaintiff to discriminate against her because of her sex.

## B. QUID PRO QUO HARASSMENT

15. The Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. by illegally discriminating against the Plaintiff because of her sex in that:

a) The Plaintiff was subjected to unwelcome sexual harassment in that Kenny Patton strongly implied that having sexual relations with him was a condition of the Plaintiff's employment with the Defendant;

b) The harassment complained of was based upon the Plaintiff's sex;

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

c) The Plaintiff's rejection of Kenny Patton's demands for sexual favors affected tangible aspects of her compensation, terms, conditions and privileges of employment in that the Plaintiff's acceptance or rejection of the harassment was an express or implied condition of her employment;

d) The Plaintiff's express rejection of Kenny Patton's demands for sexual favors caused her termination; and

e) The Defendant knew or should have known of the harassment and took no effective remedial action.

## C. RETALIATION

16. The Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. by illegally retaliating against the Plaintiff in that:

a) The Plaintiff complained about Kenny Patton's unwanted demands for sexual favors – an activity protected by 42 U.S.C. § 2000e et seq.;

Page 9 of 15

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

b) The Defendant – acting through its manager and agent, Kenny Patton – terminated the Plaintiff's employment because she complained about the sexual harassment she experienced.

17. The Defendant - acting through its manager and agent, Kenny Patton - engaged in the aforesaid discriminatory practices with a reckless indifference to the federally protected rights of the Plaintiff. The Defendant is vicariously libel for the acts of its managers and agents, including Kenny Patton and other unknown managers and agents.

18. The Plaintiff has exhausted all her administrative remedies.

19. The aforesaid discriminatory practices were so egregious that reinstating the Plaintiff to her original employment is impracticable.

20. Wherefore, the Plaintiff is entitled to recover from the Defendant back pay, front pay, attorney fees and compensatory damages for pecuniary losses,

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

21. Wherefore, the Plaintiff is entitled to recover punitive damages from the Defendant.

## SECOND CLAIM FOR RELIEF

WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

22. Paragraphs 1 through 21 are incorporated as if fully set forth herein.

23. It is the public policy of the State of North Carolina to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

24. This public policy is set forth in N.C. Gen. Stat. § 143-422.2.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

25. The Plaintiff is a member of a class of persons protected by the statute in that she is a woman.

26. The Defendant regularly employs more than fifteen employees.

27. The Defendant employed the Plaintiff.

28. The Plaintiff was qualified for her job and her performance was satisfactory.

29. Contrary to the public policy of North Carolina, the Defendant - acting through its manager and agent, Kenny Patton - wrongfully discharged the Plaintiff because of her sex. The Defendant is vicariously libel for the acts of its managers and agents, including Kenny Patton and other unknown managers and agents.

30. Wherefore, the Plaintiff is entitled to recover from the Defendant back pay and benefits and front pay or other equitable relief. The Plaintiff is also

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

entitled to recover compensatory damages for pecuniary losses, inconvenience, emotional pain, loss of enjoyment of life, and other non-pecuniary losses.

31. The Defendant engaged in discriminatory practices in willful violation of the public policy of North Carolina and with a reckless indifference to the rights of the Plaintiff.

32. Wherefore, the Plaintiff is also entitled to recover punitive damages from the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the court:

1. That the Plaintiff have and recover from the Defendant back pay, front pay or other equitable relief and the maximum compensatory and punitive damages allowed by federal law, including pre-judgment and post-judgment interest;

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

2. That the Plaintiff have and recover from the Defendant attorney fees as allowed by law;

3. That the Plaintiff be granted a trial by jury on all issues so triable;

4. That the court accept this verified pleading as an affidavit of the Plaintiff.

5. That the costs of this action be taxed against the Defendant; and

6. That the Plaintiff be granted such other and further relief as the court may deem just and proper.

This the 22ed day of August, 2003.

Stephen A. Boyce
Attorney for the Plaintiff
N.C. State Bar No.: 26486
P.O. Box 24786
Winston-Salem, N.C., 27114-4786
(336) 768-7813

Page 14 of 15

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

Case 1:03-cv-00793-JAB   Document 1   Filed 08/22/03   Page 14 of 15

# VERIFICATION

NOW COMES Tammy B. Henderson, and after being first duly sworn, deposes and says this:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof and the same are true of my own knowledge, except as to those matters stated upon information and belief, and as to those matters I believe them to be true.

*Tammy B. Henderson*
Tammy B. Henderson

Sworn to and subscribed before me this the 21st day of August, 2003.

OFFICIAL SEAL
Notary Public, North Carolina
COUNTY OF FORSYTH
B. DIANNE BOYCE
My Commission Expires 12-12-04

*B. Dianne Boyce*
Notary Public [SEAL]
My Commission Expires: 12-12-04

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786